# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC MCMULLEN, | Civil Action No. 15-686 |
| Petitioner, | Judge Terrence McVerry/ |
|  | Chief Magistrate Judge Maureen P. Kelly |
| v. | |
| ERIC BUSH, *Superintendent of SCI Pine Grove,* ATTORNEY GENERAL OF THE COMMONWEALTH OF PA, and DISTRICT ATTORNEY OF ALLEGHENY COUNTY, | Re: ECF Nos. 13 & 17 |
| Respondents. | |

## **O R D E R**

Eric McMullen ("Petitioner") has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (the "Petition"). The Petition raises several grounds for relief, including claims that his trial counsel was ineffective for several different failures and claims that his post-trial counsel were ineffective for failing to raise certain matters. ECF No. 1 at 8. On March 3, 2016, Respondents filed a "Motion to Stay", ECF No. 13, noting that Petitioner had not yet exhausted his ineffective assistance of counsel claims. Respondents also noted that Petitioner still has time to file a Post Conviction Relief Act ("PCRA") Petition in the state courts by which Petitioner could raise any ineffective assistance of prior counsel claims that he may have. The Court ordered Petitioner to file a Response to Respondents' Motion to Stay. ECF No. 14. Petitioner filed his Response, ECF No. 15, and opposed the staying of this case. Respondents noted that Petitioner has until July 27, 2016 to file a timely PCRA petition by which he could raise his ineffective assistance of counsel claims. ECF No. 13 at 16.

On April 13, 2016, Chief Magistrate Judge Kelly issued an Order, ECF No. 16, which reviewed the law of exhaustion for Petitioner and directed Petitioner to make a choice as to how he wanted to proceed, or, directed Petitioner to show where, in the record, he has exhausted his claims of ineffective assistance of counsel. Petitioner filed an appeal from Chief Magistrate Judge Kelly's Order, and essentially argued that he had, in fact, exhausted. ECF No. 17. The Court ordered Respondents to file a response to Petitioner's appeal. ECF No. 18. Respondents have now done so. ECF No. 19.

In his appeal, Petitioner argues that he has, in fact, exhausted his ineffectiveness claim. ECF No. 17 at 2 ("the claim of Ineffective Assistance of Counsel has been exhausted. . ."). Specifically, Petitioner recounts all of the filings he or his many counsel made in the State Court, ECF No. 17, however, he fails to show that he raised each and every claim of ineffective assistance of counsel in the state courts that he raises now in his habeas Petition. In fact, Petitioner speaks in terms of only "the claim of Ineffective Assistance of Counsel has been exhausted" i.e., he speaks in terms of a singular claim of ineffective assistance of counsel, when, in fact, he raises multiple claims of ineffective assistance of several different counsel in the Petition before this Court.

It is Petitioner's burden to show exhaustion, and we conclude that he has not carried that burden by showing where in the state court record he raised the multiple claims of ineffectiveness that he now raises here or that he raised all of these claims at both the trial level and the appellate level. For example, Petitioner has not shown, and we cannot find, where in the state court record Petitioner raised a claim that Attorney Farrell was ineffective, which is a claim raised in his Petition now pending before this Court. ECF No. 1 at 8, ¶ 7. Petitioner does not

2

specifically point to anywhere in the record that such a claim was raised in the state courts. In fact, it appears from the record that Attorney Farrell, was acting as Petitioner's re-sentencing and direct appeal counsel after Petitioner was ordered to be resentenced by the Superior Court, which directed that Petitioner receive two additional days of credit on his sentence. See ECF No. 13 at 8 – 9. If, in fact, Attorney Farrell were acting as a sentencing and direct appeal counsel, any claim of Attorney Farrell's alleged ineffectiveness would have to be raised in a subsequent PCRA petition under Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002) (holding that claims of trial counsel's ineffectiveness must generally be raised in a PCRA petition). See, e.g., Commonwealth v. McDaniels, No. 200 EDA 2013, 2014 WL 10999141, at *3 (Pa. Super. Ct. Jan. 31, 2014) ("McDaniels first argues prior PCRA counsel was ineffective for failing to raise direct appeal counsel's ineffectiveness and for failing to request reinstatement of his direct appeal rights").

In fact, Petitioner has this very opportunity to raise a claim of Attorney Farrell's ineffectiveness given that he may yet raise this claim in a PCRA petition so long as it is filed before July 27, 2016. Given Petitioner's ability to yet raise the claim of Attorney Farrell's ineffectiveness in a PCRA petition, the claim is not yet exhausted. Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's "exhaustion requirement is not met 'if he has the right under the law of the state to raise, by any available procedure, the question presented.' 28 U.S.C. § 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition") (some internal quotations omitted). As such, this particular unexhausted claim of Attorney Farrell's alleged ineffectiveness indisputably renders the current Petition a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982). Moreover, to the extent

that Petitioner argues exhaustion is futile, ECF No. 17 at 3, we are not convinced, given that there is no reason to believe that the state courts would decline to hear a claim that Attorney Farrell was ineffective.

Because Petitioner has not shown that the claim of Attorney Farrell's ineffectiveness has been exhausted, yet alone that the other claims of ineffectiveness have been properly exhausted, we hereby ORDER the case STAYED, at least until August 5, 2016 (which should provide sufficient time for the application of the prisoner mail box rule if Petitioner chooses to file a PCRA petition close to the time limit of July 27, 2016). If Petitioner fails to file a PCRA Petition as he is now able to do and, if any claims of ineffectiveness that he raises herein could have been raised in such a PCRA Petition, Petitioner is warned that any such claims could be procedurally defaulted. Cf. Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001) ("If Keller could still present his federal claim to the state courts at this late date, we would be compelled to dismiss his petition, but it is undisputed that the Pennsylvania courts would not entertain that claim."); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) ("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, before seeking habeas review in federal court.").

The Parties are further ORDERED to file a Notice with this Court no later than August 5, 2016 as to whether Petitioner has filed a PCRA Petition. After receiving such a Notification, the Court will consider either lifting the stay or continuing the stay in effect at that time as is appropriate.

4

BY THE COURT:

/s/ Terrence F. McVerry
TERRENCE F. MCVERRY
SENIOR UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

ERIC MCMULLEN
JK 9930
S.C.I. Pine Grove
191 Fyock Rd
Indiana, PA 15701

All counsel of record via ECF