IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC MCMULLEN,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>ERIC BUSH, *Superintendent of SCI Pine Grove,* ATTORNEY GENERAL OF THE COMMONWEALTH OF PA, and DISTRICT ATTORNEY OF ALLEGHENY COUNTY,<br><br>　　　　　Respondents. | Civil Action No. 15-686<br>Judge Nora Barry Fischer/<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 1 |

# **REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 3, be dismissed and that a Certificate of Appealability be denied.

## II. REPORT

Facing multiple criminal charges in three separate criminal cases based on three separate criminal incidents, occurring at different times, Eric McMullen ("Petitioner") accepted a guilty plea agreement and pleaded guilty to all of the charges, with one charge of attempted homicide being dropped, and he was convicted of those charges. However, pursuant to the plea agreement, Petitioner was sentenced only for the conviction of Aggravated Assault on John Kirk, receiving a total of 10 to 20 years of imprisonment with no sentence imposed for any of the other convictions. Because Petitioner has not carried his burden to merit federal habeas relief, the Petition should be dismissed and a certificate of appealabity should be denied.

## A. Facts Underlying Petitioner's Conviction

The following factual basis of the multiple crimes was recounted at the guilty plea hearing as follows:

> Thank you, Your Honor. **[At 200618191]**, [which is the Aggravated Assault on John Kirk,] [t]he Commonwealth would have called as witnesses, Detective Cindy Smith, Detective Tom Leheny, John Kirk, as well as representatives from the Allegheny County Crime Lab.
> In addition, we would have called Officer Perilla, Raymond Everett from the Allegheny County Crime Lab who would have testified [that] on October 24, 2006, while in Allegheny County the defendant along with Darcy Thurston conspired to rob John Kirk at the Day's Inn located on Banksville Road in the early a.m. hours.
> Mr. McMullen approached John Kirk outside of the building, asked him to kick the cheese, referring to give up his money. A brief struggle ensued at which time Eric McMullen fired a .38 Smith & Wesson revolver striking Mr. Kirk in the midsection.
> Mr. Kirk was transported to Mercy Hospital where he underwent extensive treatment. A bullet was recovered from his person. That was submitted to the Allegheny County Crime Lab. Later matching a firearm that was found by Baldwin Police Officer Perilla, to be in Mr. McMullen's possession on October 31, 2006. Those would be the lab case numbers following. 06LAB09902, .38 Smith & Wesson caliber H & R revolver serial number 8A20769. The firearm was test fired and found to be in good operating condition. As well as 19 .38 Smith & Wesson caliber cartridges at 06LAB09798.
> At 06LAB09902, the .38 Smith & Wesson caliber, serial number 8A20769, the test bullets and cartridges were compared to bullets and cartridge cases, and matched a spent .38 Smith & Wesson caliber bullet submitted in the case of John Kirk at 06LAB09798. That was found to be a match.
> 　＊ ＊ ＊ ＊
> . . . [At] 06LAB09798, dated January 11, 2008, item one, one spent .38 Smith & Wesson caliber lead bullet, bullet described above had a weight of 141.9 grains, a classification of six lanes and grooves with a right-hand twist. The bullet surface was damaged, the bullet was found to have limited areas suitable for comparison purposes.
> The bullet was compared to bullets in open case file without making an identification. The bullet will be placed in the open case file respectfully submitted, Robert T. Levine, Ph.D., manager.
> At 06LAB09902 item 1A .38 Smith and Wesson, H&R revolver, serial number 8A20769, the test bullets and cartridge cases were compared to bullets and cartridge casings in the open case file and an identification was made. The test bullets from the H&R revolver matched the spent .38 caliber bullet submitted in the case listed in the table below.

Case number item 06LAB09798, one bullet, Pittsburgh Police Department, zone 3, assault 10-24-2006. Case name John Kirk.

[At] 06LAB09902; item 1A, a gun; Baldwin Borough Police Department. 200610-09210, incident date, VUFA, 10- 31-2006; case name Eric McMullen. Respectfully submitted, Raymond Everett, scientist, Allegheny County Crime Lab.

\*\*\*\*\*

Judge, the […] victim spent approximately two weeks in the hospital. We would argue this was an assault with a deadly weapon. That, in essence, would have been the Commonwealth's case.

In addition, there were statements made by the defendant indicating a furtherance of the conspiracy once he was in the car with Darcy Thurston.

\*\*\*\*\*

I would also, if I may, Your Honor, in addition the defendant has previously been conviction [sic] of a crime of violence, that being robbery, section 3701(A)(1), a felony one. And that would be at CC 200005435 wherein the defendant pled guilty to that count April 4, 2001. I would submit a certified copy of that conviction. The defendant is not a person to possess a firearm.

\*\*\*\*\*

**[At] 200617000**, that would be October 31, Baldwin Officer Perilla, at a traffic stop found the defendant to be in possession of said firearm in the previous lab. Again, the defendant being previously convicted of the crime of robbery.

In addition, the defendant did not have a valid license to carry in the State of Pennsylvania.

\*\*\*\*\*

. . . [I]n addition, the defendant had a prohibitive offensive weapon. It was a knife blade.

**At CC 200802118**, on January 7, 2008, the defendant was in possession of two firearms. The defendant had been previously convicted of said crime of robbery in 2000.

For the 2000 [sic, should be "2008"] case, Officer John Catullo (phonetic) would have testified along with other witnesses that shots were fired in the - towards the residence and the suspect was seen discarding a firearm and that, in essence, would have been the Commonwealth's case.

\*\*\*\*\*

[The firearm in that case was recovered and was determined to be] a Browning 380 semi-automatic pistol, 425NT04179, as well as a Taurus .40 caliber semi-automatic pistol, serial number SXG93211.

Those firearms were not submitted to the Allegheny County Crime Lab for test firing, Your Honor.

3

Answer, ECF No. 30 at 14 - 17 (quoting Guilty Plea and Sentence Transcript ("GPT"), March 2, 2010, at p. 25-32 (bold font added by Respondents for clarity) (footnotes omitted).

### B. Procedural History

#### 1. State Court history

The procedural history of Petitioner's criminal convictions, appeals and post-conviction proceedings is quite complex and, at this point, not necessary to recount herein in order to address Petitioner's claims in the instant Petition. However, Respondents have recounted that history in the Answer, ECF No. 30 at 2 – 13, which we adopt as our own and hereby incorporate it by reference as if fully set forth herein.

#### 2. Federal Court history

Proceeding pro se, Petitioner filed the Petition. ECF No. 1. The Petition raised the following grounds for relief:

> GROUND ONE: Petitioner is Actually Innocent of the offense of Aggravated Assault, reduced from Criminal Attempt Homicide, and other included offense[s] of case no. 200618191. The failure of the state court to review this claim constitutes manifest injustice.

ECF No. 1 at 5.

> GROUND TWO: Ineffective Assistance of Counsel in Violation of the Sixth Amendment.

Id. at 7.

> GROUND THREE: In case no. 200617000 a firearm that was illegally seized after a traffic stop should have been suppressed in accordance with the exclusionary rule of the Fourth Amendment.

Id. at 9.

> GROUND FOUR: In violation of Petitioner's Fifth Amendment Due process rights and Petitioner's Sixth Amendment right to receive a fair trial, the court granted a 404(b) motion to introduce Prior Acts without "Reasonable Notice" being given to the defense.

4

Id. at 11.

> GROUND FIVE: Petitioner's right to be free from illegal searches and seizures inside his home were [sic] infringed, in violation of the Fourth Amendment.

Id. at 12.

> GROUND SIX: In case no. 200802118 Petitioner was convicted of Discharge of a Firearm into an Occupied Structure (§ 2701.1), while being within that same structure (710 Parkwood rd.), in violation of the Fifth Amendment Due process clause and the Fourteenth Amendment Equal protection clause.

Id. at 13.

> GROUND SEVEN: In violation of the Fifth Amendment Due process clause, the Sixth Amendment guarantee of a fair trial, and the well established Supreme Court precedent, Brady v. Maryland, 373 U.S. 83 (1963), Petitioner's right to be furnished with and to examine all discovery materials was intentionally denied and violated.

Id. at 14.

In Ground Two, Petitioner raised several claims that his trial counsel was ineffective for several different failures and claims that his post-trial counsel were ineffective for failing to raise certain matters. ECF No. 1 at 8.

On March 3, 2016, Respondents filed a "Motion to Stay," ECF No. 13, noting that Petitioner had not yet exhausted his ineffective assistance of counsel claims. Respondents also noted that Petitioner still had time to file a Post Conviction Relief Act ("PCRA") Petition in the state courts by which Petitioner could raise any ineffective assistance of prior counsel claims that he may have. The Court ordered Petitioner to file a Response to Respondents' Motion to Stay. ECF No. 14. Petitioner filed his Response, ECF No. 15, and opposed the staying of this case. Respondents noted that Petitioner had until July 27, 2016, to file a timely PCRA petition by which he could raise his ineffective assistance of counsel claims. ECF No. 13 at 16.

On April 13, 2016, the undersigned issued an Order, ECF No. 16, which reviewed the law of exhaustion for Petitioner and directed Petitioner to make a choice as to how he wanted to proceed, or, directed Petitioner to show where, in the record, he had exhausted his claims of ineffective assistance of counsel. Petitioner filed an appeal to the District Judge from the April 13, 2016 Order, and essentially argued that he had, in fact, exhausted. ECF No. 17. The Court ordered Respondents to file a response to Petitioner's appeal. ECF No. 18. Respondents did so. ECF No. 19. In his appeal to the District Judge, Petitioner argued that he had, in fact, exhausted his ineffectiveness claim. ECF No. 17 at 2 ("the claim of Ineffective Assistance of Counsel has been exhausted. . ."). However, United States District Judge Terrence F. McVerry,[1] overruled the appeal and ordered a stay of this case until the time had definitely expired for Petitioner to have filed his PCRA petition. Petitioner did not file any such PCRA petition, and so the Court lifted the stay. ECF No. 24. Thereafter, the Court ordered that an Answer be filed. Respondents filed the Answer, denying that Petitioner was entitled to any relief. ECF No. 30. The Court thereafter ordered that any traverse to the Answer be filed by January 19, 2017. ECF No. 31. Petitioner did not file a traverse.

**C. Application of the AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 et seq. (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

---

[1] This case has since been reassigned to United States District Judge Nora Barry Fischer on October 13, 2016, as a result of Judge McVerry's retirement. ECF No. 27.

**D. Discussion**

    **1.    Ground One fails to provide a basis for relief in this federal habeas proceeding.**

To the extent that Petitioner is raising a claim that he is actually innocent of the crime of Aggravated Assault on John Kirk as a "stand-alone claim of actual innocence" or a "free-standing claim of actual innocence," the claim does not provide a ground of relief in federal habeas proceedings.

A stand-alone claim of actual innocence is not cognizable in federal habeas proceedings in a non-capital case. Albrecht v. Horn, 485 F.3d 103, 121-22 (3d Cir. 2007) (citing Herrera v. Collins, 506 U.S. 390 (1993)). See also Federal Habeas Manual § 1:60.

Based upon the Herrera decision, the United States Court of Appeals for the Third Circuit has held that in non-capital cases such as this case: "It has long been recognized that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'" Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004) (quoting Herrera, 506 U.S. at 400);[2] Albrecht, 485 F.3d at 121-22. For this reason, to

---

[2] But see Sistrunk v. Rozum, 674 F.3d 181, 187 (3d Cir. 2012) (in a non-capital case the Court of Appeals stated "we need not address whether a freestanding claim of actual innocence would be cognizable on federal habeas review because that is not all that Sistrunk's petition offers."). The statement in Sistrunk could be read to mean that whether a freestanding claim of actual innocence is cognizable remains an open question in this Circuit. It appears however that the United States Court of Appeals for the Third Circuit has already held in a published opinion that such a free standing claim is not cognizable. See Fielder, 379 F.3d at 122 ("By contrast, Fielder's after-discovered evidence claim is timely under § 2244(d)(1)(D). Nevertheless, we can affirm the decision of the District Court on the alternative ground that this claim is not cognizable under the federal habeas statute because it rests on state, rather than federal, law. It has long been recognized that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.' *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Therefore, Fielder's after-discovered evidence claim was properly dismissed by the District Court."). We
(. . . footnote continued next page)

the extent that Petitioner is making a stand-alone claim of actual innocence, it will be denied because it is not cognizable under the federal habeas corpus statute.[3]

Bound, as we are by the holding of Fielder, we find that Petitioner's stand-alone claim of actual innocence is not cognizable. Accordingly, Ground One does not merit federal habeas relief.

### 2. The Court lacks jurisdiction over challenges to convictions for which no sentence was imposed.

To the extent that Petitioner raises claims of actual innocence of any crimes for which he was not sentenced and to the extent that Petitioner raises any other challenge to convictions for which he received no sentence, this Court lacks subject matter jurisdiction over those claims. See, e.g. Wells v. Varner, 392 F. App'x 914 (3d Cir. 2010); United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557 (3d Cir. 1971).[4]

---

note that Sistrunk did not mention Fielder. As a District Court, we are bound by the holding in Fielder.

[3] See also In re Swearingen, 556 F.3d 344, 348 (5th Cir. 2009) ("The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review."); Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003) ("For claims based on newly discovered evidence to state a ground for federal habeas relief, they must relate to a constitutional violation independent of any claim of innocence."); Rouse v. Lee, 339 F.3d 238, 255 (4th Cir. 2003) ("[C]laims of actual innocence are not grounds for habeas relief even in a capital case...."); David v. Hall, 318 F.3d 343, 347-48 (1st Cir. 2003) ("The actual innocence rubric... has been firmly disallowed by the Supreme Court as an independent ground of habeas relief, save (possibly) in extraordinary circumstances in a capital case."); Burton v. Dormire, 295 F.3d 839, 848 (8th Cir. 2002) ("[W]e have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent."); LaFevers v. Gibson, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus.").

[4] While it is true that Respondents do not raise the claim that this Court lacks subject matter jurisdiction over convictions for which Petitioner was not sentenced, a court has an independent

(. . . footnote continued next page)

As the United States Court of Appeals for the Third Circuit explained in Wells, where a habeas petitioner is challenging multiple convictions, where only one of the convictions resulted in an actual sentence of incarceration but where Petitioner was not given an actual sentence of incarceration on the challenged convictions, then the Court lacks subject matter jurisdiction over a habeas challenge to such convictions that did not result in a sentence of incarceration. Wells, 392 F. App'x at 917-19.

Specifically, the Court in Wells noted as follows:

> Congress has limited the availability of federal court review of state court convictions to those who are "in custody" pursuant to a state court judgment. *See* 28 U.S.C. § 2254(a). "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed. This is required not only by the repeated references in the statute, but also by the history of the great writ." *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (footnotes omitted). As Justice Brennan observed in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), "[t]he jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter.*" *Id.* at 430, 83 S.Ct. 822 (emphasis added).
> In *Dessus v. Commonwealth of Pennsylvania,* 452 F.2d 557 (3d Cir. 1971), we addressed the question of whether a person may mount a federal habeas corpus challenge to a conviction for which he received a suspended sentence under circumstances remarkably similar to those presented here. In *Dessus,* the Appellant was convicted in state court on nine separate indictments emanating from the brutal beating and rape of three women. One of the women, Mrs. Alexandroff, sustained mortal injuries, dying nineteen days after the attack. The state court imposed custodial sentences on four of the indictments, including a life sentence for the murder. "Sentence was suspended on the remaining five indictments upon which appellant was convicted, including that for the rape of Mrs. Alexandroff." *Id.* at 559. Dessus collaterally attacked all his convictions with the exception of the murder conviction. He advanced three theories in support of relief, including a claim that the testimony of a priest concerning Mrs. Alexandroff's identification of Dessus was improperly admitted in violation of his Sixth Amendment confrontation right. His challenge to the priest's testimony implicated only the rape conviction, for which he received a suspended sentence.
> Recognizing that the state court could not vacate the suspended sentence and impose a term of imprisonment on the rape conviction, *id.* at 560 n. 4, we

---

obligation to raise its own subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

9

found that the appellant failed to satisfy the "custody" prerequisite to federal habeas corpus review. Because "custody is the passport to federal habeas corpus jurisdiction," *id.* at 560, and Dessus's suspended sentence meant that he was neither in custody as a consequence of the rape conviction, nor was there the possibility of custody resulting therefrom, we determined that we could not address his confrontation clause claim. Acknowledging that the "in custody" jurisdictional concept had been expanded to encompass those whose liberty was restrained by terms of parole, *e.g., Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); or who were in custody on one conviction and sought to challenge a conviction for which a consecutive sentence had yet to commence, *e.g., Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); or who collaterally challenged the conviction while still in custody but were subsequently released and subjected to " 'disabilities and burdens' " emanating from the assailed conviction, *e.g., Carafas,* 391 U.S. at 237, 88 S.Ct. 1556, we found that a petitioner challenging a conviction for which a suspended sentence was imposed lacked the requisite " 'substantial stake in the [attacked] judgment' " because "[a] ruling in petitioner's favor could afford him no direct relief from his present detention, nor indirectly in terms of his ultimate release date." 452 F.2d at 561.

*Dessus* is controlling here. As in *Dessus,* Wells is challenging a conviction on a count for which the sentence was suspended. As in *Dessus,* Appellant is not detained pursuant to the conviction he is challenging, nor is there a possibility of detention as a consequence of the PCOA conviction. As in *Dessus,* "[a] ruling in petitioner's favor could afford him no direct relief from his present detention, nor indirectly in terms of his ultimate release date." *See id.* Accordingly, the "in custody" prerequisite is not met in the instant petition and this court is "without jurisdiction to review a petition for habeas corpus where petitioner was given a non-custodial sentence." *See id.*

Wells, 392 F. Appx. at 917–19 (footnote omitted).

Similarly, because Petitioner is not in custody pursuant to any conviction other than the Aggravated Assault on John Kirk, this Court lacks subject matter jurisdiction over any other such convictions.

### 3. Grounds Two through Seven are procedurally defaulted.

In the alternative, and to the extent any of the Grounds relate to the Aggravated Assault conviction/sentence, we find that Petitioner's Grounds Two through Seven are procedurally defaulted based upon numerous failures to comply with state court procedural rules as

10

Respondents point out. We rely, however, only on the following specific procedural failures in the state courts.

### a. The Ground Two ineffectiveness claims were procedurally defaulted.

Because the many claims of Attorney Macknoon's alleged ineffectiveness, raised in Ground Two, may relate to the sole conviction for which Petitioner was sentenced, we must address these claims of ineffectiveness, which we find to have been procedurally defaulted. Petitioner engaged in multiple procedural defaults of his claims of ineffectiveness against Attorney Macknoon. We, however, note merely two procedural defaults. Petitioner never presented the claims of Attorney Macknoon's ineffectiveness in conformity with Pennsylvania procedural law such as to permit the Pennsylvania State Courts to address them on the merits.

Petitioner's first procedural default of Attorney Macknoon's alleged ineffectiveness is based upon the Pennsylvania state rule that claims of trial counsel's ineffectiveness should not be raised on direct appeal but must generally await the PCRA stage. Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). Specifically, Petitioner raised some of the claims of Attorney Macknoon's ineffectiveness in the state courts, such as on his reinstated direct appeal in the February 3, 2012 direct appeal brief filed by Attorney David Hoffman. ECF No. 30-6 at 36 – 39. However, in that counseled brief, Petitioner specifically asked that the Pennsylvania Superior Court dismiss such claims of Attorney Macknoon's ineffectiveness without prejudice in order to be raised in a properly filed PCRA petition. Id. at 38 ("This claim is underdeveloped for appellate review due to the lack of an evidentiary hearing on counsel's ineffectiveness and, therefore, the claim must be dismissed without prejudice – pursuant to Grant – to present it again in yet another PCRA proceedings. In additional [sic], Defendant does not waive his right to file a PCRA proceeding after the conclusion of the instant appeal.") (footnotes omitted). Not surprisingly, the Superior

Court did exactly as Petitioner requested and declined to address the merits of the claims of ineffectiveness against Attorney Macknoon based on the state procedural rule that ineffectiveness claims of trial counsel should be raised in a PCRA petition and not on a direct appeal. ECF No. 13-6 at 33 - 34, Superior Court slip op. ("Appellant acknowledges that there has been no evidentiary hearing on his ineffectiveness claims, and appellant does not waive his right to file a PCRA petition following the disposition of the instant appeal. Therefore, appellant's claims of trial counsel ineffectiveness are dismissed without prejudice pursuant to ***Commonwealth v. Grant*** 572 Pa. 48, 813 A.2d 726 (2002), and its progeny.").

The Superior Court's refusal to address these claims of Attorney Macknoon's alleged ineffectiveness pursuant to the rule announced in Commonwealth v. Grant is an independent and adequate state law ground on which to rest a finding of procedural default. Wallace v. Wydner, CIV.A. 05-6197, 2010 WL 173598, at *4 (E.D. Pa. Jan. 15, 2010) ("where *Grant* requires a petitioner raise such claims on collateral review, Petitioner's claims of ineffective assistance of counsel are procedurally defaulted and cannot be reviewed by this Court"); Concepcion v. Varano, 1:11-CV-02225, 2016 WL 3381292, at *7 (M.D. Pa. Apr. 27, 2016), ("Thus, the firmly established, independent, and adequate procedural rule at issue here is the rule in *Grant* that 'a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.' 813 A.2d at 738. Accordingly, Concepcion's 'Petition for Remand for Appointment of Counsel' [filed in the direct appeal process] did not sufficiently exhaust his ineffective assistance claims."), *report and recommendation adopted*, 2016 WL 3254106 (M.D. Pa. June 14, 2016).

Petitioner's second procedural default of the Ground Two's ineffectiveness claims, (both Attorney Macknoon's alleged ineffectiveness as well as other counsels' alleged ineffectiveness), is, as Respondents argue, Petitioner's failure to file a PCRA petition while he yet had time to do

so when this Court entered a stay to permit Petitioner to do so, ECF No. 16, and when this Court pointed out that Petitioner never exhausted his claim of Attorney Farrell's alleged ineffectiveness. ECF No. 20. We also explicitly warned Petitioner as follows:

> If Petitioner fails to file a PCRA Petition as he is now able to do and, if any claims of ineffectiveness that he raises herein could have been raised in such a PCRA Petition, Petitioner is warned that any such claims could be procedurally defaulted. *Cf. Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001) ("If Keller could still present his federal claim to the state courts at this late date, we would be compelled to dismiss his petition, but it is undisputed that the Pennsylvania courts would not entertain that claim."); *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998) ("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, before seeking habeas review in federal court.").

ECF No. 20 at 4.

Notwithstanding this warning, Petitioner failed to raise his many claims of ineffectiveness of his many counsel in a properly filed PCRA petition while he could yet do so and this failure constitutes Petitioner's second independent procedural default of Ground Two's ineffectiveness claims.[5]

---

[5] We do note that Petitioner raised many claims of Attorney Macknoon's alleged ineffectiveness in a pro se PCRA Petition filed on July 6, 2012. See ECF No. 30-8 at 1 -11 (Attorney Coffey's Turner/Finley no merit letter recounting the issues raised in the July 6, 2012 pro se PCRA Petition). We further note that in response to the Turner/Finley letter, the Court of Common Pleas of Allegheny County issued a Notice of Intent to Dismiss on February 26, 2013. Id. at 13. Petitioner then filed a Response to the Notice of Intent to Dismiss on March 10, 2013 pursuant to the prisoner mail box rule, id. at 14 – 17. Thereafter, the Court of Common Pleas never issued a final order dismissing the PCRA petition. However, these PCRA proceedings and the Common Pleas Court's failure to issue a final order are of no legal significance for this Court's analysis of the procedural defaults engaged in by Petitioner. This is so because the pro se PCRA petition filed on July 6, 2012 and the PCRA proceedings thereafter based upon the July 6, 2012 PCRA Petition, were filed and conducted while Petitioner's reinstated direct appeal was not yet completed. Although Petitioner's direct appeal rights were reinstated and, on July 17, 2012, the Superior Court found that Petitioner was entitled to two additional days of credit against his sentence, ECF No. 13-6 at 28 – 35, Petitioner had not yet been resentenced by the Court of Common Pleas to provide him the two additional days of credit against his sentence, as of July 6,

(. . . footnote continued next page)

### b. Petitioner procedurally defaulted Grounds Three through Seven because he did not raise them in any counseled appeal to the Superior Court.

We note that Petitioner did not raise any of Grounds Three through Seven in any counseled appeal brief to the Superior Court.[6] Accordingly, we find that Petitioner has procedurally defaulted Grounds Three through Seven for failing to have raised them in any

---

2012, the date he filed the PCRA petition. Petitioner was not resentenced by the Allegheny County Court of Common Pleas until May 22, 2013, ECF No. 30-9 at 1, and he then appealed the resentencing to the Superior Court which affirmed on January 16, 2015, ECF No. 30-10 at 18 -28. And thereafter Petitioner filed a pro se Petition for Allowance of Appeal ("PAA") to the Pennsylvania Supreme Court, ECF No. 30-10 at 33 – 52, which denied it on April 28, 2015. ECF No. 30-10 at 54. Only upon the Pennsylvania Supreme Court's denying of the PAA did Petitioner's direct appeal proceedings come to an end and only then would Petitioner properly be able to bring a PCRA petition which the Court of Common Pleas would have subject matter jurisdiction over. Commonwealth v. Leslie, 757 A.2d 984 (Pa. Super. 2000); Commonwealth v. Daniels, 192 MDA 2016, 2016 WL 5266634, at *2 (Pa. Super. Sept. 22, 2016) ("Because Appellant's direct appeal was still pending, this Court found that the trial court lacked jurisdiction to act on Appellant's PCRA petition and quashed the appeal."). See also Commonwealth v. Mercado, 826 A.2d 897, 900 (Pa. Super. 2003) ("his direct appeal having terminated when the supreme court of Pennsylvania denied his petition for allowance of appeal in January, 1985"). Because the PCRA trial court lacked jurisdiction under state law over the July 6, 2012 PCRA petition and over the subsequent proceedings, those proceedings are null and void and of no legal significance to this Court's procedural default analysis. Commonwealth v. Thompson, 354 EDA 2017, 2017 WL 2684571, at *2 (Pa. Super. June 21, 2017) ("Not only does the lack of jurisdiction render the PCRA court's order null and void, it, in turn, renders Thompson's appeal void. 'Where a court is without jurisdiction it is without power to act and thus, any order that it issues is null and void.'" (quoting Commonwealth v. Morris, 771 A.2d 721, 735 (Pa. 2001)).

[6] See ECF No. 30 at 6 - 7 (listing claims raised in the reinstated direct appeal); id. at 10 (listing claims raised in the direct appeal after Petitioner was resentenced to be given credit for two additional days).
Furthermore, and in the alternative, Grounds Three and Five, which raise Fourth Amendment claims that evidence was not properly suppressed, do not provide a basis for the grant of federal habeas relief. Stone v. Powell, 428 U.S. 465, 494 (1976) (indicating that where the state provides an opportunity to litigate a Fourth Amendment issue, then federal court cannot entertain a claim in habeas proceedings based on alleged Fourth Amendment violations).

14

counseled appeal to the Superior Court.[7] See, e.g., Snee v. Barone, CIV.A. 09-147E, 2012 WL 1203262, at *5 (W.D. Pa. Mar. 2, 2012), *report and recommendation adopted*, 2012 WL 1200867 (W.D. Pa. Apr. 10, 2012); Bey v. Rozum, CIV. A. NO. 13-325, 2015 WL 12618788, at *6 (E.D. Pa. Aug. 21, 2015) ("The failure to raise the issue in his appellate brief to the Superior Court waives ones [sic] right to appellate review of the issue under well-established Pennsylvania procedural law and, in Bey's case, has resulted in the procedural default of this claim given his failure to present the claim to the Superior Court."), *report and recommendation adopted by*, 2016 WL 5404455 (E.D. Pa., Sept. 27, 2016).

---

[7] To the extent that Petitioner would point to any pro se filings in order to contend that he did not procedurally default his claims of ineffectiveness, ECF No. 1 at 3, ¶ 9, or any other Grounds in the Petition, we note that for at least all of his appeals to the Superior Court, Petitioner had appointed counsel. Accordingly, under the Pennsylvania procedural rule against hybrid-representation, which is an independent and adequate state law ground, Petitioner cannot rely on any such pro se filings while represented by counsel in order to overcome the procedural default of his claims. Clemons v. Pfister, 845 F.3d 816, 820 (7th Cir. 2017) ("In the end, the state appellate court applied its general rule that hybrid representation is disfavored and declined to accept Clemons's pro se brief because he was represented by counsel. That was an independent and adequate state ground of decision and precludes federal habeas review of Clemons's Strickland claim."). In fact, the Pennsylvania Superior Court explicitly relied on this rule against hybrid representation to reject addressing on the merits some of Petitioner's claims. ECF No. 13-6 at 34 n.5. The rule that permits Pennsylvania courts to refuse to address an issue based on hybrid representation has been held to be independent and adequate so as to provide a basis for the finding of a procedural default in a federal habeas court. Jermont Cox v. Blaine, Civ. A. No. 2000-5188 (E.D. Pa. ECF No. 31 at 9, July 23, 2003) ("We reject Petitioner's argument for two reasons. First, the appellate courts of Pennsylvania do not condone 'hybrid' representation. *See Commonwealth v. Ellis*, 398 Pa. Super. 538 (1990). The court will decline to consider a pro se filing when a counseled brief or petition is filed either before, at the time of, or after the pro se filing is received. *Commonwealth v. Castro*, 766 A.2d 1283, 1287 n.11 (Pa. Super. 2001). Since the claim was not included in the counseled filing, the court never considered its merits. Therefore, the state court was deprived of the opportunity to consider the merits of the claim."), *report and recommendation adopted by*, 2004 WL 7320193 (E.D. Pa. 8/11/2004), *aff'd sub nom*, Cox v. Horn, 174 F. App'x 84 (3d Cir. April 3, 2006). The full text of the Report and Recommendation in Jermont Cox v. Blaine, is available on PACER at:

https://ecf.paed.uscourts.gov/doc1/15312491995

(site last visited 10/5/2017).

15

**5. Petitioner fails to carry his burden to overcome the procedural defaults.**

Even though we ordered Petitioner to file a Traverse no later than January 19, 2017, ECF No. 31, and even though Petitioner was aware that Respondents contended that he had procedurally defaulted his claims, Petitioner never filed a Traverse. Hence, he never argued "cause and prejudice" to excuse his multiple procedural defaults. In fact, there would be no cause for his final procedural default of failing to raise his ineffectiveness claims in a PCRA petition while he could yet do so as the fault for not doing so rests squarely on Petitioner's shoulders alone. Gonzalez v. Superintendent Graterford SCI, 655 F. App'x. 96, 100 (3d Cir. 2016) ("The Supreme Court later clarified in *Coleman v. Thompson* 'that 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him....'") (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)); Wallace v. Wydner, 2010 WL 173598, at *4) ("Here, Petitioner had an opportunity to raise claims of ineffective assistance of counsel under the PCRA. Though Petitioner argues that *Grant* should not be applied to the instant claims, as his custody requirement prevented him from filing a PCRA petition in state court. However, Petitioner never filed a PCRA petition for collateral review in state court. Failure to file a PCRA petition was a direct violation of Pennsylvania procedural law. *See Grant*"). Nor has Petitioner argued cause and prejudice for the procedural default of any of the other Grounds for relief raised in the Petition.

To the extent that Ground One of the Petition can be considered an argument for a gateway claim of actual innocence so as to excuse his procedural default of his many claims, we are unpersuaded, as Petitioner offers no new evidence of his actual innocence. Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001) (in order to make a showing of a gateway "actual innocence" claim, a petitioner "must satisfy a two-part test in order to obtain review of otherwise

procedurally barred claims. First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial. *Schlup*, 513 U.S. at 327-28.").

### III. CERTIFICATE OF APPEALABILITY

Because we conclude that jurists of reason would not find the foregoing debatable, a Certificate of Appealability should be denied.

### IV. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed and that a Certificate of Appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: October 5, 2017
s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Nora Barry Fischer
United States District Judge

ERIC MCMULLEN
JK 9930
S.C.I. Pine Grove

191 Fyock Rd
Indiana, PA 15701

ERIC MCMULLEN[8]
JK 9930
SCI-Somerset
1600 Walters Mill Road
Somerset, PA 15510-0001

---

[8] Petitioner should file a Notice of Change of Address with the Clerk's Office. We note that apparently since the initiation of this Petition, Petitioner has been transferred and is now currently located at SCI-Somerset according to the Pennsylvania Department of Corrections Inmate Locator Website.